No. 24-6041

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

**SYED HUSAIN**

*Appellant,*

*vs.*

**CAMPBELL SOUP COMPANY**

*Appellee.*

## *REPLY BRIEF*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA,
3:24-CV-01776-JCS

| | |
|---|---|
| JAMES PAZOS (SBN 163609) | CRAIG R. SMITH (SBN 180338) |
| PAZOS LAW FIRM | SMITH LAW FIRM, APLC |
| A Professional Law Corporation | 2629 Townsgate Road, Suite 235-1012 |
| 1801 Century Park East, 24th Floor | Westlake Village, California 91361 |
| Los Angeles, CA 90067 | Telephone: (818) 703-6057 |
| Telephone: (310) 556-1010 | Facsimile: (818) 703-6058 |
| jpazos@pazoslawfirm.com | csmith@smithlf.com |

Attorneys for Appellant
SYED HUSAIN

# **TABLE OF CONTENTS**

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**CERTIFICATE OF COMPLIANCE AND WORD COUNT** . . . . . . . . . . . . . . . . . . 10

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# **TABLE OF AUTHORITIES**

*Cases* *Page*

*Irving Firemen's Relief & Retirement Fund v. Uber Technologies*
398 F.Supp.3d 549, 555–556 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ebner v. Fresh, Inc.* 838 F.3d 958, 965 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . 8

*Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938-939 (9th Cir. 2008). . . . . . . . . . 8

## ARGUMENT

In its Respondent's Brief, Appellee Campbell Soup Company ("Campbell") tacitly admits that the "AIR FRIED" representation on the front label is patently false. Once again, this false representation is the predominate statement on the label as it is stated in big letters at the top of the label and is highlighted by a box. The falsity of this representation is unavoidable given that "air frying" is a method of cooking that is, by definition and design, an *alternative* to deep frying in oil - which is the actual cooking method used on the Campbell product.

Campbell seeks to avoid the falsity of the statement and focuses its argument on the phrase "Kettle Cooked, Air Finished," which it purports corrects its otherwise patently false statement. It does not. An honest clarifying phrase would have been "Deep Fried in a Vat of Oil and Air Blown Dry." As such, Campbell is essentially forced to argue that "Kettle Cooked" means "Deep Fried in a Vat of Oil." This argument is unfounded and incorrect.

Campbell endeavors to circumvent all of these issues by incorrectly redefining the issue. Specifically, Campbell argues that the label "clarifies" the false "AIR FRIED" representation reveals that "some" oil is used in the cooking

process.[1] However, this argument does not address the gravamen of the claim. Even if the label could conceivably indicate the use of oil, that does not "clarify" the false representation. The air frying cooking method does not necessarily exclude the use of some oil. But it does exclude deep frying in a vat of oil. The process of air frying potatoes can involve a small amount of oil drizzled on the potatoes, which gives the potatoes a crispy texture. Under this method, the potatoes are still *cooked* by means of air frying (rapidly circulating convection currents). This is a far cry from deep frying the potatoes in a vat of oil, which changes the *cooking* method from "circulating convection currents" to "deep frying in hot oil." Therefore, the "AIR FRIED" misrepresentation is not "clarified" by simply showing that some minor amount of oil is used in the process.

Contrary to Campbell's argument, the phrase "Kettle Cooked, Air Finished" likewise does not "fix" the falsity of the "AIR FRIED" representation. It is plausible (and in fact probable) that a reasonable consumer would interpret "Kettle

---

[1] In every other legal framework, that is an actionable misrepresentation. (e.g. "'A statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists.'" *Irving Firemen's Relief & Retirement Fund v. Uber Technologies* 398 F.Supp.3d 549, 555–556 (N.D. Cal. 2019), aff'd sub nom. *Irving Firemen's Relief & Retirement Fund v. Uber Technologies, Inc*. 998 F.3d 397 (9th Cir. 2021) (Citation omitted).

Cooked" to mean a method that is consistent with air frying; that is, parboiled[2/] in water.

First, parboiling potatoes (in a kettle no doubt) before they are air fried is a known method of cooking potatoes.

Second, the reasonable consumer must necessarily interpret "Kettle Cooked" to mean something that is consistent with "AIR FRIED," which eliminates "deep frying" as a cooking method. In other words, Campbell's argument that "Kettle Cooked" means "deep fried in oil" could not be a "reasonable consumer's" interpretation of the phrase because that interpretation is, by definition, <u>inconsistent</u>, with the "air frying" cooking method. Once again, the core of Appellant's position is that the "AIR FRIED" representation conveys a cooking method that is an *alternative* to deep frying.

Campbell's argues that the reasonable consumer would understand "Kettle Cooked" to have its commonly understood meaning; i.e., "cooked in oil." (Respondent's Brief, Pg. 14). However, Campbell's position in this regard is completely without evidentiary support. Campbell's argument may have carried more weight in the days of "Ma and Pa Kettle" (or at least with people familiar

---

2/ Merriam-Webster: To parboil means to partially boil or precook something, typically by boiling it briefly in water.

with them), but today's consumer of potato chips skews younger, and tends not to know Ma and Pa Kettle, and do not associate "kettles" with giant vats of oil[3/]. Rather, Appellant's submit that the reasonable consumer of potato chips would commonly understand the word "kettle" to mean a "tea kettle" which connotes boiling water, rather than boiling oil. This is likely the reason why the YouTube "influencer" – **who carefully examined and studied the label** – could not decipher whether "Kettle Cooked" meant "parboiled" or fried in oil. (**https://www.youtube.com/watch?v=S0VlrkdZZk8** at the 1:20 time signature).

Campbell argues– again without any evidence– that the "use of a boiling or steaming process would lead to soft potatoes (mashed, scalloped, baked)." (Respondents Brief, P. 14). Clearly, Campbell's counsel has not tried the numerous recipes that exist, whereby a tea kettle of water is used to "parboil" potatoes before they are air fried[4/].

Given the competing arguments asserted in the briefs, the ultimate issue is whether Appellant's claims should be dismissed at the pleading stage without any opportunity to prove the points asserted in the competing briefs. Appellant

---

3/ Statement is based on an informal and unofficial survey of Appellate counsel's children and their friends.

4/ **https://www.youtube.com/watch?v=03FGkvoQ5Oo** - see 2:06 time signature.

maintains that it has alleged sufficient facts and presented sufficient argument to show *more* than a mere possibility that the label "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner v. Fresh, Inc*. 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.,* 105 Cal. App. 4th 496, 508 (2003). Under the circumstances, Appellant has alleged sufficient facts to show a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* At a minimum, Appellant has alleged sufficient facts to create a viable claim that creates "questions of fact" that are not appropriate for decision at the pleadings stage. *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938-939 (9th Cir. 2008)(citing *Linear Tech. Corp. v. Applied Materials, Inc*., 152 Cal. App. 4th 115, 134-35 (2007). Stated another way, Campbell has fallen far short of demonstrating that "the advertisement itself [makes] it *impossible* for the [Appellant] to prove that a reasonable consumer [is] likely to be deceived." (Emphasis added) *Id.*

## CONCLUSION

For the foregoing reasons, the District Court's order of dismissal should be reversed.

DATED: May 16, 2025          PAZOS LAW FIRM, APLC
                                             JAMES PAZOS ESQ.,

                                             By /s James Pazos
                                             JAMES PAZOS ESQ.,
                                             Attorneys for Appellant

DATED: May 16, 2025          SMITH LAW FIRM, APLC
                                             CRAIG R. SMITH


                               By:     /s Craig R. Smith
                                             CRAIG R SMITH, ESQ.
                                             Attorney for Appellant
                                             SYED HUSAIN

## CERTIFICATE OF COMPLIANCE AND WORD COUNT

I certify pursuant to Federal Rules of Appellate Procedure 32(a)(4) and Circuit Rule 32-1 that the attached brief is set in Times-Roman font, double-spaced, has a typeface of 14 points, and, according to the word count feature of the word processing system used to prepare the brief (WordPerfect 12), contains 1,395 words.

DATED: May 16, 2025                         SMITH LAW FIRM, APLC
                                                  CRAIG R. SMITH

                                     By:    /s  Craig R. Smith
                                                 CRAIG R SMITH, ESQ.
                                                 Attorney for Appellant
                                                 SYED HUSAIN

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, I electronically filed the foregoing Appellant's Opening Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

DATED: May 16, 2025          SMITH LAW FIRM, APLC
                                         CRAIG R. SMITH

By:    /s Craig R. Smith
       CRAIG R SMITH, ESQ.
       Attorney for Appellant
       SYED HUSAIN